UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JAMES R. FREED,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>INTERNATIONAL<br>CITY/COUNTY MANAGEMENT<br>ASSOC. et al.,<br>　　　　　　　　Defendants. | Case No. 23-12365<br>Honorable Shalina D. Kumar<br>Magistrate Judge Elizabeth A. Stafford |

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (ECF NO. 4)**

**I. Introduction**

Plaintiff James Freed, the city manager for Port Huron, Michigan, sued defendant International City/County Management Association ("ICMA"), a professional association for municipal executives, and multiple individual ICMA board and staff members in state court for defamation, false light invasion of privacy, and civil conspiracy.  ECF No. 1-2. After the case had been pending nearly a year, defendants removed the action to this Court, claiming that defendant Victor Cardenas, an ICMA board

member residing in Michigan, had been retained in the action for the purpose of defeating diversity jurisdiction. ECF No. 1.

Freed moves to remand the action to state court because, he contends, Cardenas is a proper defendant against whom he has colorable claims and because the removal was untimely. ECF No. 4. The Court finds that the parties' briefs sufficiently present the facts and legal arguments and thus dispenses with oral argument. ECF Nos. 4, 6, 7; *see* E.D. Mich. LR 7.1(f). For the following reasons, the Court grants Freed's motion and remands this case to state court.

## II. Factual and Procedural Background

Freed's state law claims for defamation, false light invasion of privacy, and civil conspiracy arise out of ICMA's June 2022 public censure of Freed as a result of an anonymous complaint. ECF No. 1-2. The basis for the complaint was (1) a social media post by Freed where he linked a news article about his city having successfully defended a Michigan Occupational Safety and Health Agency ("MIOSHA") complaint; (2) an email on the same topic that he sent on the Michigan Municipal Executives ("MME") private listserv; and (3) an email Freed sent to city employees informing them that he would not require them to receive a COVID-19

vaccine in response to the Occupational Safety and Health Agency ("OSHA") Emergency Temporary Standard ("ETS"), *see* 29 CFR § 1910.501(d),[1] regarding vaccination policies for employers with more than 100 employees. *Id*. at PageID.22. The OSHA ETS allowed employers with 100 or more employees to either require all employees be vaccinated or require that all unvaccinated employees to be subject to weekly COVID-19 testing. *Id*. Freed maintains that his email to city employees was a notification that he intended to create a vaccine or test alternative as opposed to a vaccine mandate. *Id*. at PageID.23-25.

ICMA's Committee on Professional Conduct ("CPC"), which was charged with investigating the complaint against Freed, construed the email as a declaration that Freed would refuse to follow the law. *Id*. at PageID.24. On this basis, the CPC voted to recommend public censure of Freed for all three allegations asserted in the complaint. *Id*. Freed appealed the recommendation to the executive committee of the ICMA board. *Id*. On June 12, 2022, the ICMA board held a hearing and voted to publicly

---

[1] Notably, municipalities do not fall under OSHA jurisdiction. Furthermore, the United States Supreme Court struck down the OSHA ETS as unconstitutional on January 13, 2022. *Nat'l Fed'n of Independent Bus. v. Dep't of Labor*, 142 S. Ct. 661 (2022).

censure Freed. ICMA announced Freed's censure in a press release to Port Huron and Detroit area media, an email to all ICMA members, and a notice published on ICMA's website. *Id*. at PageID.26. These announcements reported that Freed issued a "preemptive declaration to city employees that he would never implement a specific law or policy when it is the manager's duty to do so." *Id*. They also stated that Freed violated his commitment to "honesty and integrity." *Id*. at PageID.26-27.

Freed maintains that ICMA's published statements were false and defamatory and falsely portrayed him "as unethical and lawless." *Id*. at PageID.27. Accordingly, Freed filed this action against ICMA and twenty individual ICMA board and staff members in St. Clair County Circuit Court in September 2022. *See id*.

Based on the allegations in Freed's complaint, defendants acknowledge that this case was not "immediately removable because [Freed] is a citizen of Michigan and. . . Cardenas[] is also a citizen of Michigan." ECF No. 1, PageID.11. After motion practice and nearly a year of discovery, defendants removed the case to this Court on September 18, 2023, three days before the close of discovery. *See id*. When defendants removed the case, both a facilitation and a final settlement conference

were scheduled for November 20, 2023 and December 15, 2023, respectively. ECF Nos. 1-8, 1-9.

Defendants assert that this action became removable when Freed, after completing discovery, voluntarily dismissed all defendant board members who had voted against publicly censuring him except for Cardenas. ECF No. 1. They contend that Freed has no colorable cause of action against the defendant board members who voted against public censure and that Freed did not dismiss Cardenas, as he had the other no-voting board members, to preclude diversity and the removal of this action. *Id*. Defendants aver that Cardenas' citizenship may be ignored for diversity purposes because Freed has no colorable claim against Cardenas. Freed counters that this case should be remanded to state court because he has asserted a colorable claim against Cardenas, a non-diverse defendant, and because defendants' removal of the case to this Court was untimely. ECF No. 4.

## III. Discussion

A civil case is properly removed to federal court under 28 U.S.C. § 1441(b) only when there is complete diversity of the parties at the time of removal. *Kent State Univ. Bd. of Trustees v. Lexington Ins. Co.*, 512 F.

App'x 485, 489 (6th Cir. 2013). Complete diversity means "all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 492 (6th Cir.1999). If a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question, "the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined." *Casias v. Wal–Mart Stores, Inc.*, 695 F.3d 428, 432 (6th Cir.2012) (internal quotation marks omitted).

A removing party faces a heavy burden in attempting to demonstrate fraudulent joinder. *Kent State*, 512 F. App'x at 489–90. "Joinder of a non-diverse defendant is fraudulent only if it is clear that there can be no recovery against that defendant under the law of the state on the cause alleged or on the facts in view of the law." *Castle v. 3M Co.*, 664 F. Supp. 3d 770, 773–74 (E.D. Ky. 2023) (internal marks omitted) (quoting *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994)). In other words, the removing party must show that there is no colorable basis for plaintiff to recover against the non-diverse plaintiff. *Id*. at 774 (citing *Coyne*, 183 F.3d at 493). "If the plaintiff has even a glimmer of hope, then any charge of fraudulent joinder fails, and the Court must remand the case

to state court for want of subject matter jurisdiction." *Christensen v. ATS, Inc.*, 24 F. Supp. 3d 610, 613 (E.D. Ky. 2014) (internal citation omitted).

The parties agree that Freed has no colorable claim against ICMA board members who voted against his public censure. *See* ECF No. 4, 6. But Freed asserts that he has colorable claims against Cardenas based not on Cardenas' censure vote, but on his participation in the preparation and drafting of the announcements published in various media. Defendants do not dispute that these allegations, if true, would sufficiently state claims for defamation, false light invasion of privacy, and civil conspiracy. Instead, they argue that Freed's claims against Cardenas offer no colorable basis for recovery because "the facts show that Cardenas did not draft any of the statements." ECF No. 6, PageID.515-16.

When deciding a motion to remand based on fraudulent joinder allegations, courts "apply a test similar to, but more lenient than, the analysis applicable to a Rule 12(b)(6) motion to dismiss." *Casias*, 695 F.3d at 433. The court may "pierce the pleading" and "look to material outside the pleadings for the limited purpose of determining whether there are undisputed facts that negate the claim." *Id*. (internal quotation omitted). Any

disputed questions of fact should be resolved in favor of the non-removing party. *Alexander*, 13 F.3d at 949.

Here, no undisputed facts negate Freed's claim that Cardenas participated in the preparation and drafting of the public censure announcement. To the contrary, Cardenas' own deposition testimony supports Freed's allegation: "I was trying to communicate with Martha and Jessica regarding what the wording and what the press releases would say. . . ." ECF No. 4-8, PageID.443, p.88, ln.10-12. Emails between Martha Perego, the then ICMA Ethics Director, and defendant Jessica Cowles, the then Ethics Advisor for ICMA, demonstrate that the ICMA board solicited and received Cardenas' participation in preparing the public censure announcement for an ICMA newsletter. ECF Nos. 4-13, 4-14, PageID.461-64. Cowles' email notes that she "revised the newsletter notice after hearing Victor's [Cardenas'] feedback." ECF No. 4-13, PageID.461.

Whether and how Cardenas participated in the preparation of the public censure announcement in press releases and the ICMA newsletter is a disputed question of fact that, for the purpose of this motion, must be resolved in Freed's favor. Because Freed has a colorable claim against

Cardenas, there is no fraudulent joinder, diversity of citizenship between the parties, or subject matter jurisdiction in this Court.[2]

**IV. Conclusion**

For these reasons, Freed's motion (ECF No. 4) is **GRANTED,** and this case is remanded to the St. Clair County Circuit Court.

**IT IS SO ORDERED**.

Dated: May 31, 2024

s/ Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge

---

[2] Because the Court finds that removal was not proper, it need not address whether removal was timely.